UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Steven Z. Rast, | C/A No. 6:05-2109-GRA |
| Petitioner, | |
| v. | ORDER |
| | (Written Opinion) |
| United States of America, | |
| Respondent. | |

This matter is before this Court on Petitioner's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Respondent filed a motion in opposition and a motion for summary judgment on March 17, 2006. That same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner responded on April 20, 2006.

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Petitioner was named in a 10 count Indictment filed in the District of South

Carolina on September 25, 2002. Petitioner was charged with five (5) counts of armed bank robbery; five (5) counts of using and carrying a firearm during and in relation to a crime of violence and one (1) count of attempted armed bank robbery. On April 9, 2003, a five (5) count Indictment was filed which charged Petitioner with four (4) counts of arson and one (1) count of using and carrying a firearm during and in relation to a crime of violence.

On April 30, 2003, pursuant to a motion filed by Petitioner, a hearing was held to determine whether Petitioner could proceed in the matter *pro se*. During the course of the hearing the Court advised Petitioner of the dangers of self-representation. Notwithstanding the Court's admonition, Petitioner decided to proceed *pro se*. The Court granted Petitioner's request; however, the Court elected to appoint Assistant Federal Public Defender, David Plowden, to assist Petitioner and to act as standby counsel. On May 8, 2003, Petitioner, assisted by Mr. Plowden, pleaded guilty to five (5) counts of armed bank robbery, and two (2) counts of using and carrying a firearm during and in relation to a crime of violence. On July 3, 2003, again with the assistance of Mr. Plowden, Petitioner pleaded guilty to four (4) counts of arson.

On October 29, 2003, a sentencing hearing was held. Petitioner was sentenced to 97 months for the armed bank robbery counts and the arson counts to run concurrently; 84 months on one (1) count of using and carrying a firearm during a crime of violence and 300 months on another count of using and carrying a firearm during a crime of violence, both to run consecutively to each other and to the 97

month sentence.  On November 6, 2003, the Court issued a Judgment and Conviction.

Petitioner raises the following grounds for relief in his Motion:

A.    Ground one: "Denial of right of appeal."

B.    Ground two: "Denial of effective assistance of counsel."

C.    Ground three: "Conviction obtained by a violation of protection against self incrimination."

D.    Ground four: "Conviction obtained by use of coerced confession."

E.    Ground five: "Denial of use of motion of discovery to defend myself."

As to Petitioner's first ground for relief, Petitioner states that "[o]n October 29, 2003 Plowden motioned for the Honorable Court to withdraw my guilty plea.  When the Honorable G. Ross Anderson Jr. refused I requested Plowden to Appeal, Plowden agreed to Appeal.  However, Plowden never filed anything as requested by me."  On April 27, 2004, Petitioner filed a letter addressed to "Robert E. Chapman, Senior Judge Fourth Circuit Court of Appeals."  This letter was construed as a notice of appeal.  The Fourth Circuit Court of Appeals then granted Respondent's motion to dismiss Petitioner's appeal because the "notice of appeal" was filed beyond the 10-day appeal period and the 30-day excusable neglect period.

However, upon examining the letter filed by Petitioner on April 27, 2004, this Court finds that Petitioner was not filing a notice of appeal, but was, in fact, asking about the appeal that Petitioner assumed had already been filed by Mr. Plowden.  In that letter Petitioner writes:

This letter is to inquire on the disposition of my direct appeal. I was sentenced in G. Ross Anderson Jr. Court on October 29, 2003. I requested a new trial and attempted to withdraw my guilty plea, [h]owever I was Denied a new trial. I have not been able to get any response from David Plowden Asst. federal Public defender. If you would please respond and let me know the disposition of my direct appeal I would be grateful.

Clearly, Petitioner thought that Mr. Plowden had filed a notice of appeal on his behalf. Respondent argues that Petitioner was granted his right to represent himself, and therefore, Petitioner, not his lawyer or the government, should bear the consequences of his decision to proceed *pro se* and his subsequent untimely filing of the Notice of Intent to Appeal. Respondent contends that it was solely Petitioner's responsibility and obligation to timely file the Notice of Intent to Appeal. The Court disagrees. Knowing the dangers of self-representation, this Court appointed Mr. Plowden to assist Petitioner with his criminal case specifically for the purpose to protect Petitioner's rights and interests. To now say that Mr. Plowden had no obligation to assist Petitioner with filing a notice of appeal, at Petitioner's request, flies in the face of the intent of this Court in appointing Mr. Plowden.

Therefore, in an abundance of caution, this Court will assume that Petitioner requested an appeal, in which case, counsel's failure to file a timely notice of appeal would clearly constitute ineffective assistance of counsel. *See United States v. Peak*, 992 F.2d 39 (4th Cir. 1993). In such cases, this Court has the authority to vacate Petitioner's sentence and immediately reimpose and reinstate his judgment of conviction. *Id.* at 42. This action will allow the Petitioner to take a timely appeal

4

pursuant to FED. R. APP P. 4(b) & (c), which provides:

(b)    Appeal in a Criminal Case.  In a criminal case, a defendant shall file the notice of appeal in the district court within **10 days** after the entry either of the judgment or order appealed from, or of a notice of appeal by the Government. A notice of appeal filed after the announcement of a decision, sentence or order— but before entry of the judgment or order— is treated as filed on the date of and after the entry. If a defendant makes a timely motion specified immediately below, in accordance with the Federal Rules of Criminal Procedure, an appeal from a judgment of conviction must be taken within 10 days after the entry of the order disposing of the last such motion outstanding, or within 10 days after the entry of the judgment of conviction, whichever is later. This provision applies to a timely motion:

(1)    For judgment of acquittal;

(2)    for arrest of judgment;

(3)    for a new trial on any ground other than newly discovered evidence; or

(4)    for a new trial based on the ground of newly discovered evidence if the motion is made before or within 10 days after the entry of the judgment.

A notice of appeal filed after the court announces a decision, sentence, or order but before it disposes of any of the above motions, is ineffective until the date of the entry of the order disposing of the last such motion outstanding, or until the date of the entry of the judgment of conviction, whichever is later. Notwithstanding the provisions of Rule 3(c), a valid notice of appeal is effective without amendment to appeal from an order disposing of any of the above motions. When an appeal by the government is authorized by statute, the notice of appeal must be filed in the district court within 30 days after

(i)    the entry of the judgment or order appealed from or

(ii)    the filing of a notice of appeal by any defendant.

A judgment or order is entered within the meaning of this subdivision when it is entered on the criminal docket. Upon a showing of excusable

neglect the district court may—before or after the time has expired, with or without motion and notice—extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

(c)    Appeal by an Inmate Confined in an Institution.  If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid. In a civil case in which the first notice of appeal is filed in the manner provided in this subsection (c), the 14-day period provided in paragraph (a)(3) of this Rule 4 for another party to file a notice of appeal runs from the date when the district court dockets the first notice. In a criminal case in which a defendant files a notice of appeal in the manner provided in this subdivision (c), the 30-day period for the government to file its notice of appeal runs from the entry of the judgment or order appealed from or from the district court's docketing of the defendant's notice of appeal, whichever is later.

*Id.* (emphasis added).

Because the Court is vacating Petitioner's sentence and immediately reimposing and reinstating his judgment of conviction to allow Petitioner to timely file a notice of appeal, the Court need not rule on Petitioner's other grounds for relief.  Petitioner can argue these further grounds for relief on appeal to the Fourth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that Petitioner's sentence be VACATED and his judgment of conviction be IMMEDIATELY REIMPOSED and REINSTATED, with the same date of imposition of judgment, so that he can file a timely appeal.

IT IS SO ORDERED.

6

_____

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

April ___27___, 2006.

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.