UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Steven Z. Rast, ) | |
| ) | |
| Petitioner, ) | |
| ) | Cr. No.: 6:02-948-GRA-1 |
| ) | (C/A No.: 6:08-70088) |
| v. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | (Written Opinion) |
| Respondent. ) | |
| ) | |

Petitioner, Steven Z. Rast, is a federal inmate who is currently housed at U.S.P. Lompoc in Lompoc, California. This matter comes before the Court on Petitioner's *pro se* Motion to Reduce Sentence. For the reasons stated below, this Motion is DISMISSED.

## Standard of Review

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to

unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

Petitioner fails to specify the precise nature of the relief he requests in his motion to the Court. However, liberally construed, it appears that Petitioner requests relief from judgement pursuant to Federal Rule of Civil Procedure 60(b).[1]

The United States Court of Appeals for the Fourth Circuit has held that certain Rule 60(b) motions *must* be treated as successive § 2255 petitions pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Under the AEDPA, petitioners are barred from filing second or successive habeas corpus petitions without first "obtain[ing] authorization from the appropriate court of appeals." *Winestock*, 340 F.3d at 205. Absent authorization from the court of appeals, the district court lacks jurisdiction to consider a second or successive § 2255 petition. *Id.* In order to distinguish a "proper Rule 60(b) motion from a 'successive [application] in 60(b)'s clothing'" a district court should consider whether the motion "directly attack[s] the prisoner's conviction or sentence" or whether it "seek[s] a remedy from some defect in the collateral review process." *Id.* at 207 (quoting *Lazo v. United States*, 314 F.3d 517, 573 (11th Cir. 2002) (per curiam)). A motion that directly attacks the sentence should be construed as a successive §

---

[1] Petitioner also requests this Court order the Bureau of Prisons to place him in a half-way house in Los Angeles or San Diego after his release from prison. (ECF No. 125). It is unclear whether this request is directly linked to Petitioner's request for relief from judgement or made as an independent request. At any rate, this Court has no authority to order the BOP to provide the relief requested as "Congress and the Attorney General have delegated authority to the BOP to administer the federal prison system." *Palomino v. Fed. Bureau of Prisons*, 408 F. Supp.2d 282, 288 (S.D. Tex. 2005).

2255 petition, whereas a motion that seeks to remedy a defect in the collateral review process should be treated as a true Rule 60(b) motion. *Id.*

Here, Petitioner requests that this Court and United States Attorney General Loretta Lynch "re-open [his] case and unstack the [18 U.S.C. §] 924(c) convictions." (ECF No. 125). In support of his motion, Petitioner cites *Holloway v. United States*, a case decided in the United States District Court for the Eastern District of New York in 2014. *Id.* The Fourth Circuit has held that "new legal arguments . . . usually signify that the prisoner is not seeking relief under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." *Winestock*, 340 F.3d at 207. Therefore, Petitioner's motion, which directly attacks his sentence based on a recent judicial opinion, is not a Rule 60(b) motion, but a § 2255 motion. Petitioner previously filed a § 2255 motion, which this Court denied (ECF Nos. 97 & 113), and Petitioner has not alleged that he received pre-filing authorization from the Fourth Circuit before filing the instant motion. As a result, this Court lacks jurisdiction to hear this successive § 2255 motion.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Relief from Judgement or Order is DISMISSED. The Court declines to issue a certificate of appealability in this matter.[2]

---

[2] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. This Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

August 26, 2015
Anderson, South Carolina